UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON JERALD BRADLEY,

    Petitioner,

v.

BONITA HOFFNER,

    Respondent.

_____/

Case No. 1:13-cv-453

HON. JANET T. NEFF

**OPINION AND ORDER**

Petitioner, a state prisoner, filed this habeas corpus action seeking post-conviction relief from his state court judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition as barred by the one-year limitation period provided in 28 U.S.C. § 2244(d). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment. *See Gillis v. United States,* 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Petitioner first argues that the Magistrate Judge erred in concluding that Petitioner's petition, which was filed pursuant to 28 U.S.C. § 2241, is subject to the additional procedural restrictions of 28 U.S.C. § 2254. Petitioner asserts that "the Magistrate completely erred in attempting to recharacterize Petitioner's complaint and § 2241 Application as a § 2254 and applying Rule 4, Rules

Governing § 2254 Cases, and applying the one-year statute of limitations" (Pet'r Obj., Dkt 10 at 1; R & R, Dkt 7 at 1). Petitioner's argument is without merit.

The Magistrate Judge correctly determined that "if a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to the procedural requirements of § 2254" (R & R at 1, n.1) (quoting *Rittenberry v. Morgan*, 468 F.3d 331, 336-37 (6th Cir. 2006)). Pursuant to the precedent established in *Rittenberry*, the Magistrate Judge properly applied the additional requirements for filing a § 2254 petition, including the one-year limitation period provided in 28 U.S.C. § 2244(d). Petitioner's argument to the contrary is unpersuasive, and as such, his objection is denied.

Petitioner also argues that the Magistrate Judge "misstated the facts" inasmuch as "Petitioner is seeking relief from a VOID judgment . . . not post-conviction collateral review, as there is no actual state court judgment, unless Magistrate is of the opinion that it is lawful and constitutional for state judges to have a direct and substantial pecuniary interest in the successful prosecution of defendant/Petitioner" (Pet'r Obj., Dkt 10 at 2). Specifically, Petitioner argues that he "was assessed 'court costs and fees' as part of unlawful conviction, which gave sentencing court 'pecuniary interest'" in the resolution of the case, and, in turn, deprived Petitioner of his due process rights (*id.* at 3-4). The Magistrate Judge, however, did not reach the merits of Petitioner's due process argument, instead recommending dismissal of the petition as time-barred. Petitioner's objection does not address, let alone demonstrate error in, the Magistrate Judge's procedural determination. The objection is therefore denied.

Having determined that Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny

a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable. A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 10) are DENIED and the Report and Recommendation (Dkt 7) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability in this matter is denied.


Dated: November 20, 2013               /s/ Janet T. Neff
                                       JANET T. NEFF
                                       United States District Judge